FILED
FEB 28 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Johnnie Doggins,  )
Charles Johnson,  )
                  )
    Plaintiffs,   )
                  )
v.                )   Civil Action No. 17-2397 (UNA)
                  )
Patti B. Saris *et al.*,  )
                  )
    Defendants.   )

## MEMORANDUM OPINION

Plaintiffs, appearing *pro se*, are two prisoners incarcerated at the Federal Medical Center in Fort Worth, Texas. They have filed a complaint against members of the United States Sentencing Commission in their individual and official capacities and have moved to proceed *in forma pauperis* ("IFP"). The IFP motion will be granted, and this case will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiffs are serving federal sentences for "possession or sale" of crack cocaine. Compl. ¶ 1. In this action, "each plaintiff complains of violations of his federal Constitutional rights, secured under the Eighth Amendment, to protections from cruel and unusual punishment manifested through both disparity and excessiveness of federal prisoner sentences." *Id.* ¶ 2. Plaintiffs fault the defendants for promulgating the federal sentencing guidelines, which "were used to sentence each plaintiff to prison for a lengthy term." *Id.* ¶ 3. Plaintiffs were sentenced under the guidelines that were in effect before enactment of the Fair Sentencing Act of 2010

1

("FSA").[1] They assert that the FSA's enactment has "resulted in [their] grossly excessive and disparate sentences," Compl. ¶ 3, and "but for the date of sentencing, they would have been subject to far more lenient guideline ranges," *id.* ¶ 5. Plaintiffs posit that "the policies, practices and customs of the individual defendants" are racially motivated because they are black and "are part of a large pool of racial minority inmates experiencing the same constitutional deprivations." *Id.* ¶ 6.

Plaintiffs state: "Nothing in this suit is intended to be or should be construed as a collateral attack or other attack upon the convictions of any plaintiff." Compl. ¶ 1. While that may be true in a literal sense, plaintiffs are clearly challenging the constitutionality of their sentences.[2] It is established that "the sole remedy for a federal prisoner challenging the legality of his conviction *or sentence*" is 28 U.S.C. § 2255.[3] *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (emphasis added). And that remedy must be pursued by motion in "the court which imposed the sentence[.]" 28 U.S.C. § 2255(a). Plaintiffs do not identify their courts of conviction but neither appears to have been convicted in this court. *See, e.g., United States v. Doggins*, 633 F.3d 379 (5th Cir. 2011) (affirming drug convictions in the Eastern District of Texas).

---

[1] *See Dorsey v. United States*, 567 U.S. 260, 264, 132 S.Ct. 2321, 2326, 182 L.Ed. 2d 250 (2012) ("In 2010, Congress enacted a new statute reducing the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1) (citing Fair Sentencing Act, 124 Stat. 2372)).

[2] Plaintiffs appear to raise a systemic challenge on behalf of "a subset" of prisoners, Compl. ¶ 6, but, as applicable here, *pro se* parties are limited to "plead[ing] and conduct[ing] their own cases personally[.]" 28 U.S.C § 1654.

[3] Plaintiffs state that "each defendant is sued individually under the theory set out in *Bivens v Six Unknown Agents of the Federal Bureau of Narcotics*, 405 U.S. 388 (1971)," Compl. at 4, but such a claim is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (*Heck* applies "no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration") (alterations in original)).

Even if plaintiffs are not required to seek habeas relief because their success here would not "necessarily imply the invalidity" of their sentences, *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013), they have stated no claim to support the requested relief.

Plaintiffs seek nominal damages, Compl. ¶ 19, but the Commissioners enjoy absolute immunity from suit for monetary damages based on acts, as alleged here, taken in accordance with their "rulemaking power." *Rivera v. Saris*, 130 F. Supp. 3d 397, 402 (D.D.C. 2015), *aff'd sub nom. Rivera v. Carr*, 672 F. App'x 14 (D.C. Cir. 2016). Plaintiffs also seek a declaratory judgment with regard to retroactivity and injunctive relief, including "in the form of directed changes to the Federal Sentencing Guidelines Manual wherein all cases and in all prior and future amendments an explicit § 994(u) statement is added directing" retroactive application of the FSA "when any new sentencing guideline results in a computation of sentence that is lower than previous sentences for like situated offenders with similar offenses[.]" Compl. ¶ 19. But "the Supreme Court already has explained the degree to which the FSA is retroactive." *United States v. Wooden*, 953 F. Supp. 2d 64, 66-67 (D.D.C. 2013) (discussing *Dorsey*). And Congress, consistent with the Commission's retroactivity decision, has provided a remedy as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the [sentencing] court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see Davis*, 716 F.3d at 662 (explaining that "in response to the [FSA], the Commission issued Amendment 750," reducing the crack cocaine ratio, and made the amendment retroactive to "allow[ ] inmates convicted based on the old sentencing ranges to seek

discretionary sentence reductions under 18 U.S.C. § 3582(c)(2)"). As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

                                                                          /s/ *signature*
                                                                  United States District Judge

Date: February 28, 2018